986 F.2d 444
 1993-1 Trade Cases P 70,171
 McGUIRE OIL COMPANY, Berwick Oil Company, Inc., and Diamond
Gasoline Stations Inc.,
Plaintiffs-Counterclaim-Defendants-
Appellants, Cross-Appellees,
v.
MAPCO, INC., Defendant-Counterclaim-Plaintiff-Appellee,
Mapco Petroleum, Inc., d/b/a "Western,"
Defendant-Counterclaim-Plaintiff-Appellee, Cross-Appellant.
 No. 91-7235.
 United States Court of Appeals,
Eleventh Circuit.
 March 19, 1993.
 
 W. Dennis Summers, Ezra B. Jones, III, Summers & Jones, P.C., Atlanta, GA, for appellant.
 Alphonse M. Alfano, Roy F. Dunshee, Bassman, Mitchell & Alfano, Chartered, Washington, DC, for amicus curiae The Petroleum Marketers Assoc. of America.
 Richard A. Feinstein, McKenna & Cuneo, Washington, DC, J.P. Courtney, III, Wesley Pipes, Lyons, Pipes & Cook, P.C., Mobile, AL, for appellee.
 Appeals from the United States District Court for the Southern District of Alabama.
 Before KRAVITCH, ANDERSON and BIRCH, Circuit Judges.
 PER CURIAM:
 
 
 1
 In McGuire Oil Co. v. Mapco, Inc., 763 F.Supp. 1103 (S.D.Ala.1991), the district court granted summary judgment in favor of defendants on plaintiffs' claim under the Alabama Motor Fuel Marketing Act (AMFMA) and in favor of plaintiffs on defendants' antitrust and unfair trade practices counterclaim. Id. at 1106-10. The court also denied plaintiffs' motion for Rule 11 sanctions. On appeal, we affirmed the district court on all issues except plaintiffs' AMFMA claim. McGuire Oil Co. v. Mapco, Inc., 958 F.2d 1552, 1554 (11th Cir.1992). With respect to that issue, we certified to the Alabama Supreme Court several questions of state law. Id. at 1564.[1] On December 18, 1992, the Alabama Supreme Court answered our certified questions, holding, among other things, that injury to competitors is sufficient, and, accordingly, injury to competition is not necessary, to establish liability under AMFMA. McGuire Oil Co. v. Mapco, Inc., 612 So.2d 417 (Ala.1992). Because the district court had granted summary judgment for defendants on the ground that plaintiffs could not prove injury to competition, see McGuire Oil Co., 763 F.Supp. at 1109, we reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion and with the opinion of the Alabama Supreme Court.
 
 
 2
 REVERSED and REMANDED.
 
 
 
 [1]
 The certified questions were as follows:
 (1) DOES THE AMFMA REQUIRE INJURY TO COMPETITION AS A PREREQUISITE TO LIABILITY UNDER THAT ACT, OR DOES INJURY TO COMPETITORS SUFFICE TO ESTABLISH SUCH LIABILITY?
 (2) IF INJURY TO COMPETITION RATHER THAN TO COMPETITORS IS A PREREQUISITE TO LIABILITY UNDER THE AMFMA, WHAT IS THE RELEVANCE OF A DEFENDANT'S MARKET SHARE IN DETERMINING THE EXISTENCE OF INJURY TO COMPETITION?
 (3) IS LACK OF INTENT TO INJURE COMPETITION AN AFFIRMATIVE DEFENSE, PERMITTING SUMMARY JUDGMENT ON THAT ISSUE UNDER THE AMFMA?
 (4) CAN A DEFENDANT UNDER THE AMFMA INVOKE THE "MEETING COMPETITION" DEFENSE CONTAINED IN SECTION 8 OF THAT STATUTE WHEN THE DEFENDANT PRICES MOTOR FUEL ONE TO TWO CENTS BELOW THE PRICE SET BY ITS COMPETITORS?